**SO ORDERED.**

**SIGNED this 30 day of March, 2021.**



*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

___

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | |
| **GAURAVKUMAR MAHENRAKUMAR PATEL** | **CASE NO. 19-00265-5-SWH** <br> **CHAPTER 7** |
| Debtor. | |
| **AC EAST, LLC, ZIEGLER CAPITAL, GEOFFREY KEEGAN, JASON ZIEGLER** | **ADVERSARY PROCEEDING NO. 20-00137-5-SWH** |
| Plaintiffs | |
| v. | |
| **GAURAVKUMAR MAHENRAKUMAR PATEL** | |
| Defendant. | |

## ORDER DISMISSING CLAIMS AND ALLOWING LEAVE TO AMEND COMPLAINT

The matter before the court is the Motion to Dismiss filed by Gauravkumar Mahenrakumar Patel (the "defendant") on February 12, 2021. Dkt. 9. The defendant filed a Memorandum of Law in Support of the Motion to Dismiss contemporaneously with the motion. Dkt. 10. AC East, LLC, Ziegler Capital, LLC, Geoffrey Keegan, and Jason Ziegler (collectively,

the "plaintiffs") filed a Response in Opposition to the Motion to Dismiss on March 4, 2021. Dkt. 19. A hearing was held in Raleigh, North Carolina on March 30, 2021.

The plaintiffs filed a Complaint on December 7, 2020. Dkt. 1. The Complaint asserts two causes of action: (I) non-dischargeability under § 523(a)(2)(A) of the Bankruptcy Code and (II) non-dischargeability under § 523(a)(4) of the Bankruptcy Code. The prayer for relief in the Complaint additionally requests relief pursuant to §§ 523(a)(6), 727(a)(3), and 727(a)(4)(A).

The defendant's Motion to Dismiss requests dismissal of all claims for relief asserted by the plaintiffs in the Complaint, with prejudice, for failure to state claims upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012.

In their Response to the Motion to Dismiss, the plaintiffs request that the court deny the Motion to Dismiss, or in the alternative, grant leave to the plaintiffs to amend the Complaint. At the hearing, counsel for the plaintiffs orally withdrew any claims under § 727.

The court finds that the defendant's Motion to Dismiss should be granted on all claims for failure to state claims upon which relief may be granted. The plaintiffs' request for leave to amend the Complaint should be denied on all claims except on Count I: non-dischargeability under § 523(a)(2)(A). The court will allow the plaintiffs 14 days to amend the Complaint with respect to Count I: non-dischargeability under § 523(a)(2)(A).

**THEREFORE, IT IS HEREBY ORDERED** the defendant's Motion to Dismiss is **ALLOWED** on Count I: non-dischargeability under § 523(a)(2)(A).

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss is **ALLOWED** on Count II: non-dischargeability under § 523(a)(4).

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss is **ALLOWED** on any claim under § 523(a)(6).

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss is **ALLOWED** on any claim under § 727(a)(3).

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss is **ALLOWED** on any claim under § 727(a)(4)(A).

**IT IS FURTHER ORDERED** that the plaintiffs shall have 14 days from the date of this order to amend the Complaint only with respect to Count I: non-dischargeability under § 523(a)(2)(A). The defendant shall not be required to respond to the amended complaint, if one is filed, until after the court has reviewed it. If an amended complaint is filed, the court will review it and determine whether it will be dismissed *sua sponte* or the defendant will be required to file a responsive pleading.

**END OF DOCUMENT**